Mr. Chief Justice Marshall
delivered the opinion of the court In this case the libel alleges that the goods in question were exported from Bordeaux in Fiance, and entered at the office of the collector of the customs at New Orleans, and that they were invoiced at a less sum than the actual cost thereof at the place of exportation, with design to evade the duties thereon, contrary to the provisions of the 66th section of the collection law of 1799, ch. 128. It appears in the-case, that the goods were oliginally shipped from Liverpool, and were landed at Bordeaux. All question as to continuity of voyage, and as to whether Liverpool or Bordeaux ought to be deemed the place of exportation, is-out of the case, because the information charges'the goods to have been exported from Bofdeaux. Upon the evidence, it appears that the goods were invoiced at sixty or seventy per cent, below the price' in New-Orleans; which it is supposed was at least as high as the price would have been in Liverpool: But it &lso appears that goods of this kind, at the titae of their -exportation from Bordeaux, were depreciated in value to an equal degree: And it is proved that the same goods were offered to a 'witness at 50 per cent, below their cost at Liverpool. The court is, therefore, not satisfied that the goods were invoiced below their true válue at Bordeaux, with a design to evade the lawful duties; *234 and’the inquiry as to their value in the port from whiefe they were originally shipped is excluded by the form in which the libel is' drawn. The decree of the district court, restoring the goods to the claimant, is, therefore, affirmed.
Decree affirmed.